HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORA & TRACY SORENSON,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JEFFREY YONEK and CREDIT INTERNATIONAL CORPORATION,<br><br>　　　　　　　Defendants. | No. CV10-5408RBL<br><br>ORDER GRANTING DEFENDANT CREDIT INTERNATIONAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT [Dkt. #14] |

　　　　THIS MATTER is before the Court on Defendant CREDIT INTERNATIONAL CORPORATION (CIC)'s Motion for Summary Judgment [Dkt. # 14].

　　　　Plaintiffs claim that CIC and its attorney, Defendant Yonek, violated the Fair Debt Collection Practices Act (FDCPA) when they attempted to collect a debt for a dishonored $65.01 check, without providing to them the required and proper notices, including notice of dishonor. *See*, for example, Complaint [Dkt. #1] at paragraphs 16-20.  Plaintiffs specifically argue that the CIC's conduct violated 15 U.S.C. § 1692g(a).  They also claim that the interest, treble damages, fees, and costs CIC sought to impose violated the FDCPA. (§1692 (f)).

　　　　Defendant CIC's Motion is based on the apparently undisputed fact that there was already a state Court action involving this check and these claims, brought by CIC to collect the debt against the Plaintiffs. [See Dkt. #14 at Ex. 1].  In response to that collection action, plaintiffs sought a copy of the dishonored check, suggested that it might be forged, and denied that they had previously received a copy. [Dkt. #14 at Ex. 3]  They apparently did not otherwise defend the state court collection action, and CIC sought Summary Judgment.  Plaintiffs did not

ORDER - 1

file a response, and a judgment was entered against them in the amount of $665.66.  [Dkt. #14. Ex. 7].

A week later, Plaintiffs filed this action.  They apparently did not appeal the underlying judgment.  Defendant CIC seeks summary judgment, arguing that Plaintiff's claims are barred by the *Rooker Feldman* and/or res judicata doctrines.

Plaintiffs respond by arguing that *Rooker Feldman* does not apply where the Plaintiff is not seeking to challenge an underlying state court decision.  They argue that it does not apply where the federal case "remains" after the state court action, and would have been the same even absent the state court action.  Plaintiffs claim that *Rooker Feldman* does not bar their claim, because it arises from the collection procedures used by CIC, and does not dispute the validity of the underlying debt or the resulting judgment.  They argue they are not attempting to "appeal" or otherwise undo the state court judgment against them.

Plaintiffs also argue that res judicata does not apply.  They argue that the claims are not the same, and the two actions do not depend on each other.

The Court can resolve this Motion on the basis of the doctrine of res judicata, and for that reason will not address the Rooker Feldman doctrine's application.  The doctrines are related, and as both parties seem to acknowledge, even though *Rooker-Feldman* may not be applicable, a myriad of doctrines, including res judicata, [can nevertheless] bar the suit. (Citing *Bolden v. City of Topeka, Kan*., 441 F.3rd 1129 (10th Cir. 2006))

The doctrine of res judicata (also known as claim preclusion) bars litigation where a prior judgment concerns the same "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978). Res judicata "is intended to prevent piecemeal litigation and ensure the finality of judgments." *Landry v. Luscher*, 95 Wn. App. 779,

783, 976 P.2d 1274 (1999). Res judicata applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence *should have been raised*, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn.App. 320, 328-329, 941 P.2d 1108 (1997) (emphasis added).

The Plaintiffs recognize that four factors are considered when determining whether successive lawsuits involve the same "cause of action": (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same transactional nucleus of facts. *Littlejohn v. U.S.*, 321 F.3d 915 (9th Cir. 2003), cert. denied, 540 U.S. 985 (2003).

The crux of this case is the first of these factors. Plaintiffs argue that this action will have no effect on the rights established in the state court action. Defendant argues, correctly, however, that at least two of the "rights" established in the state court action are under attack in this case: the fact that the Plaintiffs were provided notice of dishonor of their check, and the propriety of the interest, fees, costs, and damages awarded by the state court. Indeed, it is not clear what else the Plaintiffs claim violated the FDCPA beyond these items.

While it may be true that the FDCPA counterclaim was not compulsory, it is also true that Plaintiffs cannot prevail on it without overturning the state court's decisions on these issues. The claims are therefore the same cause of action for purposes of res judicata. The remaining elements are clearly present.

For this reason, the Plaintiffs' claims are barred under res judicata, and the Defendants' Motion for Summary Judgment is GRANTED.  Plaintiffs' claims against Defendant CIC are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE